**In the Matter of Jack Glendon SUMRALL, Debtor.**

**Bankruptcy No. 85–2495.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 23, 1985.

Gregory Paules, Tampa, Fla., for debtor.

Jack G. Sumrall, debtor, pro se.

Chris C. Larimore, Bradenton, Fla., Trustee.

James Jones, Barnett Bank Collection Dept., William Zewadski, Tampa, Fla., for Barnett Bank of Tampa.

### ORDER ON MOTION FOR ORDER TO SHOW CAUSE

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration is a motion filed by Jack Glendon Sumrall (Debtor) in the above-captioned Chapter 13 case. The Debtor seeks an order finding Barnett Bank of Tampa (Bank) in contempt of court for violation of the automatic stay and seeks the assessment of fines, damages, and attorney's fees against the Bank. The Court heard testimony of witnesses, considered the record and finds that on September 10, 1985 the Debtor filed its petition for relief under Chapter 13 of the Bankruptcy Code together with its Chapter 13 Plan. At the same time, the Debtor also filed the schedule of creditors which included the Bank together with its correct address. On September 12, 1985 the Bankruptcy Clerk prepared a Notice of Meeting of Creditors. Although the Notice bears no certificate of mailing, this Court is satisfied that it was, in fact, mailed to the Bank according to the established procedure in

the Clerk's Office, especially in light of the fact that all other creditors received notice and the Court did not receive the Bank's notice returned and marked as undeliverable.

The record reflects that on September 30, 1985, in spite of the pending case, Barnett Bank debited the Debtor's account in the amount of $556.74, representing payment on the delinquent August and September installment payments on a car loan obtained from the Bank by the Debtor.

The record further reveals that on the same date, the Debtor had met with the loan officer in charge of car loans and indicated that the Debtor wanted to pay his loan through the account and that he intended to keep it current. At that time he signed an authorization to charge his account on a monthly basis for the payment of the installment loan (Barnett's Exh. # 1).

The Bank contends that it did not receive notice of the pendency of the bankruptcy and that by virtue of the September 30 authorization, the Debtor authorized the delinquent payments to be debited from his account.

The Debtor admits that he did sign the authorization but that he was authorizing only payments in the future, i.e. the November payment on, but not the arrearages which were to be cured under the terms of the Plan filed by the Debtor with his petition.

The automatic stay is the most basic element of protection afforded the Debtor and the properties of the estate. *In re Penn Terra Ltd. v. Department of Environmental Resources*, 733 F.2d 267 (3d Cir.1984). There can be no doubt that the Debtor's bank account is property of the Debtor under § 541 of the Bankruptcy Code. There is, further, no question that the automatic stay prohibits the bank from exercising its otherwise recognized automatic right of set-off.

This Court is satisfied that the matter under consideration is a core matter as defined by § 157(b) of the Bankruptcy Code and notes that by virtue of 28 U.S.C. § 1334(d), the District Court has "exclusive jurisdiction of all of the property of the estate, wherever located, of the Debtor as of the commencement of the case." § 151 of 28 U.S.C. authorizes the District Court to refer all matters pertaining to a case filed under Title 11. Thus, the jurisdiction granted to the District Court by virtue of 28 U.S.C. § 1334(d) is exercised by the Bankruptcy Court if the District Court has entered an order of general reference. Such an order has been entered in this jurisdiction. Consequently, the Motion to Dismiss for Lack of Jurisdiction is without basis in law and must be rejected.

This leads to the consideration of whether the Bank's act in debiting the Debtor's account violated the automatic stay and, if so, what remedies are appropriate under the circumstances.

There is no question that the protection afforded by the automatic stay may be waived by the Debtor as the automatic stay relates to the protection of the Debtor. It is doubtful, however, that the Debtor is in a position to waive the protection of property of the estate. Even assuming the Debtor's authority to reject the protection offered by the stay, the record is clear in this instance that the Debtor only authorized the Bank to debit the account beginning with the month of November.

Based on the foregoing, this Court is satisfied that the Bank's act in debiting the account did violate the automatic stay. § 362(h) provides that an individual injured by any willful violation of the stay is entitled to recover actual damages, including costs and attorney's fees as a result of the violation. This Debtor is entitled to have its account recredited with the $556.74 previously debited by the Bank in violation of the stay.

It should be noted that this is a remedy provided by § 362(h) as distinguished from a remedy available for contempt. Be that as it may, even if this is viewed as civil contempt, this Court has ample authority to issue a contempt order and would not be limited to the remedy available under § 362(h) which requires a willful violation.

*United States v. Talbot,* 133 F.Supp. 120, 122 (D.C.Alaska 1955).

Further, § 542 of the Bankruptcy Code provides for turnover of property of the estate. As noted earlier, the funds debited from the Debtor's account are clearly property of the estate subject to turnover by order of this Court.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Barnett Bank shall recredit the Debtor's account in the amount of $556.74 within five days of the date of this order. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor shall recover from Barnett Bank its costs, including attorney's fees in this matter upon proper motion.